[Civ. No. 5656.  First Appellate District, Division Two.—November 3, 1926.]

SUNNY LOWDER, Appellant, v. UNION TRANSFER COMPANY OF SAN FRANCISCO (a Corporation), Respondent.

[1] COMMON CARRIERS—SILK—STATUTORY CONSTRUCTION.—The word "silk," as used in section 2200 of the Civil Code, which provides that a "common carrier of . . . statuary, silk, or laces . . . is not liable for more than fifty dollars upon the loss or injury of any one package of such articles, unless he has notice, upon his receipt thereof, by mark upon the package or otherwise, of the nature of the freight," covers not only raw silk but also silk cloth cut and fashioned in appropriate shapes and fastened or joined together by thread, buttons, or other kind of fasteners.

[2] ID.—LOSS OF PERSONAL PROPERTY—DAMAGES—APPEAL—FINDINGS —EVIDENCE—PRESUMPTIONS.—In an action against a common carrier for damages for loss of personal property entrusted to it for transfer, where the court finds in favor of plaintiff, and gives judgment for the reasonable value of all the articles of personal property "except those articles which consisted of silk, silver in a manufactured or unmanufactured state, money and other papers of value," and plaintiff's appeal is on the judgment-roll without a bill of exceptions, the appellate court must assume that the evidence supported the finding that the articles for which no recovery was allowed consisted of the items stated in the findings.

(1) 10 C. J., p. 397, n. 85 New; 33 Cyc., p. 1537, n. 73; 36 Cyc., p. 456, n. 15 New, p. 1106, n. 29.   (2) 4 C. J., p. 735, n. 27, p. 777, n. 69.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  George H. Cabaniss, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Chas. A. Wetmore, Jr., for Appellant.

Milton Marks for Respondent.

2.  See 2 Cal. Jur. 877.

NOURSE, J.—Plaintiff sued to recover for the loss of personal property entrusted to the defendant for transfer as a common carrier. Plaintiff had judgment for $238.50, but, being dissatisfied with the amount awarded, has appealed on the judgment-roll alone.

The trial court found that the plaintiff delivered to defendant a suitcase containing various articles of wearing apparel and personal belongings of the reasonable value of $817.50; that the suitcase and its contents were lost through the negligence of the defendant; that the defendant was not informed that the suitcase contained money or papers of value, or that it contained silverware, silk, or any valuable writings. From the conclusions of law it appears that the sum of $238.50 covered the "reasonable and fair market value of all the articles of personal property . . . except those articles which consisted of silk, silver in a manufactured or unmanufactured state, money and other papers of value."

[1] The appellant claims that the trial court erred in refusing to allow for the loss of the silk clothing and the purse containing money. As to the first item, it is argued that the statute covers "silk" only and does not include clothing made of silk. As to the second, it is argued that the statute covers a package having the form of a letter containing money and does not include a purse.

With respect to the first item, the trial court found that the appellant had failed to give to the respondent the notice required by section 2200 of the Civil Code to be given by a consignor to a common carrier of "gold, silver . . . in a manufactured or unmanufactured state; . . . of pictures, glass, or chinaware; of statuary, silk or laces." The argument is that because the statute does not mention articles manufactured of silk, but merely uses the word "silk" in the singular, it must be taken to refer to silk in its unmanufactured state only.

The words "of statuary, silk, or laces" were added to the statute by amendment of 1873 and the intention of the legislature at that time is what controls. The settled purpose of the statute was to protect the carrier from the fraud of the shipper in respect to articles of unusual value which the carrier is not permitted to inspect before assuming the risk.

When the section was amended in 1873 the use of silk in the manufacture of articles of wearing apparel was not as common as it is to-day and articles of that kind were regarded as of unusual value.

In Webster's "American Dictionary of the English Language" (edition of 1870), the one in general use at the time of the passage of the amendment to section 2200, the word "silk" was defined as follows: "The fine, soft thread produced by various species of caterpillars . . . " and "2. Hence, thread spun, or cloth woven, from the above-named material." In the same dictionary the words "raw silk" were defined to mean "silk as it is wound off from the cocoons, and before it is manufactured."

The legislature certainly did not intend to use the word "silk" as applying to raw silk alone, but it must have intended to include silk or silk cloth in its manufactured state as well. Among the items for which the trial court denied recovery are two dresses valued at $100 and $150 each; hose valued at $5 a pair; one pair of pajamas valued at $75; handkerchiefs, underwear, and a silk robe of similar values. From these items we may conclude that the silk cloth was cut and fashioned in appropriate shapes and fastened or joined together by thread, buttons, or other kind of fasteners, as might suit the convenience of the owner. If silk cloth as sold by the yard was covered by the statute there is no reason for saying that the same cloth when fashioned into dresses, pajamas, robes, or other garments should be excluded. All we need to say is that silk is silk and that it is none the less so because of the peculiar shapes into which it has been cut or because it is prepared for any particular purpose. The fact that cloth so fashioned would ordinarily have a greater value, particuarly to the shipper, and that the true value would be more difficult of ascertainment than the value of raw silk or of unfashioned cloth would support the conclusion that such articles were intended to be included rather than excluded.

[2] The appeal being on the judgment-roll without a bill of exceptions we must assume in support of the judgment that the evidence supported the finding that the articles for which no recovery was allowed "consisted of silk, silver . . . money and other papers of value." This finding pre-

cludes any argument on the items of the purse and its contents.

Judgment affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 30, 1926.